PAUL GALLARDO
Flaherty Gallardo Lawyers
1026 1ST Ave. S.,
P.O. Box 1968
Great Falls, Montana 59403
Telephone: (406) 727-8494
Facsimile:  (406) 727-8537
paul@greatfallsfirm.com
       Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**GREAT FALLS DIVISION**

| UNITED STATES OF AMERICA, | **Case No. MJ-24-46-GF-JTJ** |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO SEAL CASE** |
| MELODY ROSE BERNARD | |
| Defendant. | |

COMES NOW, Defendant, through Counsel, and submits this Brief Supporting Motion to Seal Case.

## I. Background

On May 22, 2024, the Government filed a Complaint and an Affidavit supporting the complaint. (Doc. No. 1). The Complaint alleges Defendant Melody Brown and Ashley Cortez engaged in drug trafficking conduct. The

Affidavit contains information relating to individuals who cooperated with law enforcement, among other detailed information regarding this investigation. Neither the case nor the Affidavit were sealed. On the same day, the Court set initial appearances for both defendants. The Defendants appeared for initial appearances on May 28, 2024, and reserved their right to a detention hearing. During Defendant Bernard's initial appearance, the Defense raised concern regarding the Affidavit not being sealed and made a motion on the record to seal it. The Government opposed the Motion. The Court requested the Defendant file a Motion addressing the issue of sealing the case.

## II. Applicable Law

The Federal Judiciary Center has expressed its guidance on sealing cases. See, e.g., Sealed Cases in Federal Courts, Federal Judicial Center, October 23, 2009, p. 22, https://www.uscourts.gov/sites/default/files/sealed-cases.pdf. It expresses that "t]ypically, [criminal complaint] cases are filed with magistrate judges and given magistrate judge case numbers. Often they are sealed because investigations are pending, and more particularly they may be sealed pending the defendant's apprehension. . . . Criminal complaint magistrate judge cases typically merge with criminal cases following the filing of an indictment or an information. Although the criminal case will quite often

not be sealed, or will become unsealed, and the magistrate-judge-case

docketed events that merge with the criminal case will be public in the

criminal case file, the original magistrate judge case file may remain sealed.

(*id.* at 22). A criminal case might be sealed (1) so as not to tip off a

defendant before the defendant is apprehended, (2) to protect a juvenile

defendant's privacy, or (3) to preserve the secrecy of an ongoing

investigation or protect the defendant's safety if the defendant is a

cooperator. (*id. at* 31).

The District of Montana's local rules also provide such protections for

sensitive material. Local Rule 1.3(2) provides that "[a]ll documents and

items in the record of a case are available to public access unless access is

limited or prohibited by federal law, federal or local rule, or by an order,

issued on motion or sua sponte, stating the reasons for sealing. L.R. CR

49.3 governs filings under seal. Subsection (a)(2) provides that a party may

seal a document without filing a motion to seal if it, among other things,

contains sensitive material as defined by L.R. CR 16.4(a)[1], contains minutes

or transcribed material from sealed proceedings and redaction is not

---

[1] CR 16.4 governs material of a sensitive nature because it contains

personal information, personal identifiers, or financial information.

practical, or is a motion under USSG § 5K1.1 or Fed. R. Crim. P. 35(b) or otherwise contains details of or seeks a reduced sentence for a defendant's assistance to authorities. L.R. CR 49.3(a)(2).

An affidavit supporting a Criminal Complaint is akin to a search warrant. The Ninth Circuit has explained that information disclosed to a magistrate in support of a pre-indictment warrant request is entitled to the same confidentiality accorded other aspects of the criminal investigation, holding that the interests in secrecy outweighs the public's right to know. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1214 (9th Cir. 1989).

In general, the public has a common law presumptive right of access to judicial documents, and likely a constitutional one as well. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) (citation and footnote omitted). Consistent with that general principle, the party seeking to seal a document, or a record, bears the burden of overcoming that presumption of openness. See *Newsday LLC v. County of Nassau, 730* F.3d 156, 167 n.15 (2d Cir. 2013). Generally, judicial documents, as a matter of course, should be openly filed and accessible to the public, absent some particular and justifiable reason for doing otherwise. However, there are a number of cases addressing the propriety of sealing an indictment, or other parts of the record in a criminal case. In line with other courts of appeals, the Second Circuit has held that "there are various legitimate prosecutorial

objectives ... that will justify the sealing of an indictment." *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir. 1987). Such objectives might include, for example, avoiding prejudicial pretrial publicity with respect to a defendant or codefendant, *see United States v. DiSalvo*, 34 F.3d 1204, 1218 (3d Cir. 1994), preventing the premature disclosure of the identity of a key witness, see *United States v. Ramey*, 791 F.2d 317, 321 (4th Cir. 1986), and avoiding "tipping off" codefendants who were out of the country and would likely not return if they knew that they had been indicted, see *United States v. Bergfeld*, 280 F.3d 486, 487 (5th Cir. 2002). In a similar vein, courts have held that parts of an affidavit filed in support of a criminal complaint should be redacted, prior to public filing, to protect the defendant's right to a fair trial, *Application of Kansas City Star Co.*, 143 F.R.D. 223, 225-26 (W.D.Mo. 1992), that a sentencing memorandum should be redacted prior to public filing to protect the identity of persons assisting law enforcement, *United States v. Harris*, 204 F. Supp. 3d 10, 2016 U.S. Dist. LEXIS 117562, 2016 WL 4543983, at *3 (D.D.C. 2016).

## III.   Argument

This pre-Indictment case should be sealed and remain sealed for the protection of witnesses and Defendants, and to best assure that the Defendants receive a fair trial. The Defense understands that if an Indictment and formal case ensue, that criminal case will not be sealed. But

this case, MJ-24-46, should be sealed.

The Affidavit Supporting Criminal Complaint describes in detail allegations and cooperation concerning many individuals, including the 2 Defendants subject to this Criminal Complaint. It explains how out-of-state cartel-connected individuals murdered 2 individuals over a drug debt. The Affidavit also sets forth details regarding drug trafficking activities. The Affidavit outright publicly outs both Defendant's cooperation with law enforcement against some very dangerous individuals and organizations. See ¶¶ 17-21, 38-39. The Affidavit specifically names family members of the Defendant who cooperated with law enforcement, while also providing the family member's initials in other spots within the Affidavit. See ¶¶ 25, 39. Throughout the Affidavit, references are made of cooperating witnesses by initials and their locations. See, e.g., ¶ 8, 22.

This material fits within the realm and spirit of L.R. CR 49.3(a)(E) regarding a defendant's assistance to authorities. Sealing this matter is also consistent with the principles provided by the Federal Judiciary Center.

It's unclear why the Government opted to openly file these documents, as it serves as a loud announcement that individuals who cooperate with law enforcement will be publicly outed. What is clear is that several individuals have expressed fear for their safety to Undersigned due to the publicly filed, detailed, Affidavit. This detailed information is now all

over Facebook, and the Havre Weekly Chronicle provided an extensive story based on the materials contained in the Affidavit. Additionally, there is now a question as to whether the Defendant can receive a fair trial among her peers. If this matter is sealed, Undersigned will contact the news outlets who reported on information contained in the Affidavit and respectfully request they remove the posted articles.

The Defendant asks that this matter be sealed. That is, the Court should not limit sealing only the Affidavit, but should seal this entire case. The Defense anticipates the defendants will likely seek a detention hearing. The Defense is concerned that other individuals may seek to learn the whereabouts of the defendants, if released. Moreover, filings related to this issue should be sealed, if the Court finds that the information contained in the Affidavit is sensitive and warrants sealing.

For these reasons, the Defendant respectfully asks the Court to SEAL this matter.

RESPECTFULLY SUBMITTED this 31st day of May, 2024,


/s/ Paul Gallardo
Attorney for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on May 31, 2024 a copy of the foregoing document

was served on the following persons by the following means:

  1,2         CM-ECF
_____ Hand Delivery
_____ Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-Mail

1.      CLERK, UNITED STATES DISTRICT COURT

2.      PAULETTE STEWART
       AMANDA MYERS
       Assistant United States Attorney
       United States Attorney's Office

          Counsel for the United States of America

/s/ Paul Gallardo _____